DANIEL H. GRAY, Respondent, v. THE CITY OF
BROOKLYN and others, Appellants.

*Brooklyn charter — construction of — exercise of powers, as incident to authority given
under one section of a charter, is legal, although such powers are expressly given in
another section, only provided a condition therein specified is complied with — not
subject to injunction, on ground that condition is not complied with.*

By the charter of the city of Brooklyn (§ 26, tit. 2), headed "Legislative
department," the common council are empowered "to establish markets, make
parks, build bridges and to make other improvements for the use of said city. By
title 18, entitled "Of assessments for local improvements and of street openings,"
they are authorized to grade, regrade and pave streets, etc., upon the petition
of a majority of the property owners, or of the owners of a majority of the
property affected, or by a three-fourths vote of the board of aldermen and the
consent of the mayor.

The common council passed a resolution for, and were proceeding to rebuild, a
bridge spanning the Gowanus canal, raising the bridge four feet, and also the
bulk-heads and streets to conform thereto, thus raising the grade of Ninth street,
in front of the premises of the plaintiff, at the intersection of such canal, when
they were restrained by the order appealed from.

*Held,* that the improvement was not an exercise of the power granted by title 18
of the charter. If it was, it would be illegal, as none of the conditions on
which that power depends had been performed. But that it was made under
section 26, title 2, wherein the power to build bridges is granted in general
terms, and included, of necessity, the power to make such approaches to it as
are necessary; and, although it would require an elevation of the grade of the
street, it was not, therefore, an exercise of the power to regrade a street con-
ferred by title 18. Power to build a bridge cannot be annulled or impaired
because one of its incidents involves an act which is also an ingredient of
another and distinct power, which latter can only be exercised on certain con-
ditions.

Appeal from an order made by the Special Term of the City
Court of Brooklyn, enjoining the defendants from raising the grade
of Ninth street, in front of plaintiff's premises, at the intersection
of the Gowanus canal in Brooklyn.

The plaintiff is the owner of the fee of the street, subject to the
public easement in the same as a street. This street had been
opened, graded, paved, and used as a street for some fifteen years,
and for the same time a bridge had spanned the canal at this point
on the same grade as the street. The common council of the city
passed a resolution directing the rebuilding of the bridge. Subse-

quently a modified resolution was passed directing the raising of the bridge four feet, and also the bulk-heads and streets, to conform to the additional height of the pier.

*William C. De Witt*, for the appellants.

*Edgar M. Cullen*, for the respondent.

GILBERT, J. :

By section 26 of title 2 of the charter of the city of Brooklyn, the common council are empowered " to establish markets, make parks, build bridges, and to make other improvements for the use of said city, and to make loans and issue bonds therefor as provided by law." The heading of this title is " Legislative department," and its only office is to define and enumerate the legislative powers of the common council, and to specify the restrictions imposed on the exercise thereof. By title 18 of the charter, which is " entitled " of assessments for local improvements and of street openings, " the common council are empowered " to open, close, extend, widen, regulate, grade. pave, regrade and repave roads, streets, lanes and avenues, and cause public squares and parks to be opened, regulated, ornamented and perfected in the manner thereinafter provided, and generally to make such other improvements in and about such streets, avenues and squares as the public wants and convenience shall require, upon a petition of a majority of the property owners, or of the owners of a majority of the property to be affected, or by a three-fourths vote of the board of aldermen, and the consent of the mayor." This title provides that the expense of all such improvements shall be assessed on the property benefited thereby in proportion to the amount of such benefit, and prescribes the proceedings for laying out a district of assessment, and for the levying and collecting of the sums assessed. It also provides that in case a remonstrance against the proposed improvement signed by a majority of the property owners, or of the owners of a majority of the property to be affected, within the district of assessment, shall be presented to the common council on or before a day designated, they shall not allow the said improvement to be made or proceed further therein.

The common council were proceeding to build a bridge across the Gowanus canal, where it intersects Ninth street, when the work was arrested by the injunction order granted in this case. The plaintiff's property fronts on Ninth street, and is also bounded by the canal. The construction of the bridge requires, as an incident, the raising of the grade of Ninth street about four feet, in order to form a suitable approach to the same, and this it is alleged will injuriously affect the plaintiff's property.

The question is, whether the improvement under consideration is an exercise of the power granted by title 18 of the charter. If it is, it is illegal for the reason that none of the conditions on which that power depends have been performed; and as the plaintiff is the owner of the fee of one-half of the street, any unauthorized alteration of the grade thereof which would injuriously affect the residue of his property would amount to a private nuisance which a court of equity may properly restrain. Municipal corporations are created for public purposes only, and are in fact mere agencies of government. While therefore they are, like other agencies, confined within the limits of the powers expressly granted, and such as are necessary to the exercise of their express powers, yet in construing the language in which the various powers are granted regard must be had to the public purpose involved in each. For example, title 2, subdivision 4 of the charter grants the police power of regulating all matters connected with all parks, places and streets of the city. That is very different from the power granted, in similar language, in section 1 of title 18 of the charter, and is not affected by any of the conditions annexed to the exercise of the latter power. Many similar illustrations might be given of the rule of construction alluded to, but one is as good as any greater number would be.

The power to build bridges is granted in general terms. It includes, of necessity, the power to make such approaches to them as are necessary to the convenient use of the same, for it must be presumed that the legislature did not intend that a bridge should be constructed which could not be used for lack of such approaches. They imposed no restriction upon the grant of the power to build this bridge, but left the whole subject to the discretion of the common council, a body chosen for that and other like purposes and clothed

with the responsibility of performing the duty for the best interests of the public. It is required to be performed at the expense of the entire city. Although it will require an elevation of the grade of a part of Ninth street in order to form the requisite approaches to the bridge, yet, we think, it is not an exercise of the power to regrade a street conferred by title 18. The change made in the approaches to the bridge is a mere incident to the power to build a bridge, which is essentially a different one from the power to regrade a street, and the power to build a bridge cannot be annulled or impaired because one of its incidents involves an act which is also an ingredient of another and distinct power and can be done under the latter power only after certain conditions have been complied with. In the exercise of the latter power the common council acts as the *quasi* agent of the persons assessed for the improvement — hence the conditions. In the former they act for the public at large — hence such conditions would be incompatible with the object of the power. In other words the conditions apply only to a local improvement, the expense of which is to be defrayed by the persons benefited, and the building of the bridge is not such an improvement.

We are of opinion, therefore, that the order appealed from should be reversed, with ten dollars costs and disbursements. ·

DYKMAN, J. (dissenting):

Without passing upon the merits, the injunction should be continued until the final hearing and determination of the action. The order must, therefore, be affirmed without costs.

Present — BARNARD, P. J., GILBERT and DYKMAN, JJ.

Order continuing injunction reversed, with costs and disbursements.